FREDDIE FULLER v. THE STATE.

No. 14217.    Delivered April 1, 1931.

The opinion states the case.

*J. S. Bracewell* and *Chas. B. Spiner,* both of Houston, for appellant.

*O'Brien Stevens,* Crim. Dist. Atty., and *E. T. Branch,* both of Houston, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is theft; the punishment, confinement in the penitentiary for two years.

C. S. Daniels lost a Chrysler roadster of the value of $400. The state introduced in evidence appellant's voluntary confession wherein he admitted that he took the automobile. After the officers recovered the car the injured party identified it as being his property.

The court declined to approve two of appellant's bills of exception and filed in lieu thereof his own bills. Appellant attempts to bring forward two bystanders' bills. Omitting the formal parts, the certificate of the bystanders is in the following form:

"We, the undersigned citizens of the State of Texas, hereby attest

that we are fully informed and understand the contents of the foregoing bill of exceptions; that we were bystanders in the court and present when the matters related in said bill of exceptions occurred, and we are full cognizant of said matters and the other bills of exceptions, which the judge, presiding at said trial, has refused to sign are correct and truly presents the facts as they really transpired."

The foregoing certificate made by three bystanders was duly sworn to. Article, 2237, subd. 9, Revised Statutes, 1925, reads as follows: "Should the party be dissatisfied with said bills filed by the judge, he may, upon procuring the signatures of three respectable bystanders, citizens of this state, attesting to the correctness of the bill as presented by him, have the same filed as part of the record of the cause; and the truth of the matter in reference thereto may be controverted and maintained by affidavits, not exceeding five in number on each side, to be filed with the papers of the cause, within ten days after the filing of said bill and to be considered as part of the record relating thereto."

There is nothing in the certificates appended to said bills of exception attesting to the correctness of the bill presented by appellant. Hence the objection of the state to the consideration of said bills must be sustained.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.